IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LEVANDER DAVIS,

    Petitioner,

  v.

DONALD MORGAN, WARDEN,

    Respondent.

Case No. 2:15-cv-00613
JUDGE GEORGE C. SMITH
**Magistrate Judge King**

### OPINION AND ORDER

On November 2, 2016, the Magistrate Judge denied Petitioner's *Motion to Expand the Record* (ECF No. 19) and recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. *Order and Report and Recommendation* (ECF No. 24). Petitioner has objected to that recommendation. *Objection* (ECF No. 27). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 27) is **OVERRULED.** The *Order and Report and Recommendation* (ECF No. 24) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

Petitioner's request for an evidentiary hearing and a certificate of appealability, presented in his objections, are **DENIED**.

Petitioner was convicted, following a jury trial in the Franklin County Court of Common Pleas, on charges of murder, attempted murder, felonious assault, and having a weapon while under disability, with firearm specifications. The charges arose out of the March 2012 shooting at Mike's Bar, which resulted in the death of one individual and the injury of another. The trial court sentenced Petitioner to an aggregate term of 44 years to life. The state appellate court

affirmed the judgment of the trial court, and the Ohio Supreme Court declined to accept jurisdiction of the appeal.  Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B); however, the state appellate court denied the application, and Petitioner failed to file a timely appeal from that decision to the Ohio Supreme Court.  Petitioner also pursued post-conviction relief, but without success.  In this habeas corpus action, Petitioner claims that the trial court improperly denied his motion for judgment of acquittal (claim one); that his convictions are against the manifest weight of the evidence (claim two); that his DNA evidence was admitted in violation of the Fourth Amendment (claim three); that the trial court improperly imposed consecutive terms of incarceration on the firearm specifications (claim four); that DNA samples were improperly handled (claim five); that the investigator's contamination of crime scene evidence violated due process (claim six); that the pre-trial photo array identification procedures violated due process (claim seven); that the evidence was constitutionally insufficient to sustain his convictions (claim eight); and that he was denied the effective assistance of trial and appellate counsel (claims nine and ten).  The Magistrate Judge recommended dismissal of Petitioner's claims as procedurally defaulted or otherwise failing to provide a basis for relief.

      Petitioner objects to the Magistrate Judge's recommendation of dismissal of claim three, in which he alleges that admission of his DNA into evidence at trial violated the Fourth Amendment. Citing *Stone v. Powell*, 428 U.S. 465, 493 (1976)("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.")(footnotes omitted),  the Magistrate Judge reasoned that the claim fails to provide a basis for relief.  Petitioner alleges that

he was denied the effective assistance of counsel because his attorney failed to file a motion to suppress his DNA evidence which, he alleges, was obtained by an illegal, unsigned search warrant. *See Return of Writ* (ECF No. 9-1, PageID# 223, 225). Petitioner contends that this claim of the denial of the effective assistance of counsel was properly preserved when it was raised in Petitioner's post-conviction proceedings, because it relies on evidence not readily apparent from the face of the record, *i.e.*, an allegedly unsigned search warrant. Petitioner argues that *Stone v. Powell* does not preclude federal habeas review of this Fourth Amendment claim in view of *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982)(Federal habeas relief is available when a criminal defendant is not allowed to fully present his Fourth Amendment claim in the state courts because of unanticipated and unforeseeable application of a procedural rule which prevents state court consideration of the merits of the claim.). According to Petitioner, Ohio's procedural mechanism for raising his Fourth Amendment claim failed in his case, because the state courts refused to hold an evidentiary hearing in his post-conviction proceedings, thus preventing him from establishing that the search warrant was unsigned, and that his attorney performed in a constitutionally ineffective manner by failing to file a motion to suppress his DNA evidence on that basis. Additionally, Petitioner argues that this Court should address the merits of his Fourth Amendment claim because the state courts willfully refused to apply correct and controlling constitutional standards. *Objection* (ECF No. 27, PageID# 714). Petitioner complains that the trial court waited until after the filing of this § 2254 petition to issue a decision denying his petition for post-conviction relief, and that the state trial and appellate courts falsely indicated that no evidence supported his allegation that the search warrant had not been signed. Petitioner objects to the Magistrate Judge's denial of his *Motion to Expand the Record* in connection with this claim.

Petitioner's arguments are not persuasive. Nothing prevented Petitioner from filing a pre-trial motion to suppress evidence to present his claim that his DNA had been procured through an allegedly unsigned and illegal search warrant. *See* Ohio R. Crim. P. 12(C)(3). Petitioner's failure to do so does not establish a failure or unanticipated application of Ohio's mechanism for presenting Fourth Amendment claims so as to permit review of this claim in these proceedings. "[T]he *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim. . . . In the absence of a sham proceeding, there is no need to ask whether the state court conducted an evidentiary hearing or to inquire otherwise into the rigor of the state judiciary's procedures for resolving the claim." *Good v. Berghuis*, 729 F.3d 636,639 (6th Cir. 2013). Further, Petitioner procedurally defaulted his claim of the denial of the effective assistance of trial counsel in this regard, because he failed to raise the issue on direct appeal, where he was represented by new counsel.

In any event, and contrary to Petitioner's allegation here, it appears from the record that the warrant was in fact signed. The trial court indicated in its April 23, 2015, decision denying Petitioner's petition for post-conviction relief, that

> [t]he Defendant's claim regarding the warrant for the DNA was improper is incorrect. Defendant makes the claim that the warrant was never signed when in fact it was. In addition, each of the Defendant's claims in his post conviction petition could have been or were addressed on direct appeal and are, therefore, barred by the doctrine of res judicata.

*State v. Davis*, No. 15AP-518, 2015 WL 6522858, at *3 (Ohio App. 10th Dist. Oct. 29, 2015)(citation omitted). *See also Return of Writ* (ECF No. 9-1, PageID# 246)(referring to the fact that "the signed warrant is part of the record.") Although Petitioner disputes the trial court's factual finding that the search warrant had been signed, the appellate court affirmed the decision

4

of the trial court. In so doing, the state appellate court also noted that "Davis's DNA was in possession of the State of Ohio as a result of his past criminal activity." *Id.* Therefore, Petitioner could not have established prejudice, as that term is defined in *Strickland v. Washington*, 466 U.S. 668 (1984), because the State had access to his DNA even without the evidence obtained through the search warrant. Petitioner's objection in this regard is therefore without merit.

Petitioner also objects to the recommendation that claim four be dismissed as procedurally defaulted. According to Petitioner, the imposition of consecutive terms of incarceration on firearm specifications implicates the "void sentence doctrine," so that the claim cannot be barred from habeas corpus review. *Objection* (ECF No. 27, PageID# 723.) Petitioner further objects to the Magistrate Judge's recommendation that other claims be dismissed as procedurally defaulted, again asserting that the denial of the effective assistance of appellate counsel constitutes cause for his procedural default in failing to raise these claims on direct appeal. He insists that the interference of prison officials prevented him from filing a timely appeal in Rule 26(B) proceedings, thereby establishing cause for his procedural default of his claim of the ineffective assistance of appellate counsel. According to Petitioner, he timely submitted the appropriate documents for the filing of the appeal, but prison officials lost or misplaced those documents, thus causing the Clerk of the Ohio Supreme Court to return his filing as deficient. Alternatively, Petitioner argues that the failure to file a timely appeal to the Ohio Supreme Court in his Rule 26(B) proceedings should not constitute a procedural default of a claim of the denial of the effective assistance of appellate counsel, because the Ohio Supreme Court permits the filing of a motion for a delayed appeal on direct review. Petitioner requests an evidentiary hearing to further develop the record on these issues.

This Court has repeatedly held that the failure to file a timely appeal to the Ohio Supreme Court in Rule 26(B) proceedings constitutes a procedural default of a claim of the denial of the effective assistance of appellate counsel; the fact that Ohio permits the filing of a motion for a delayed appeal on direct review does not alter this conclusion. *See, e.g.*, *Wright v. Lazaroff*, 643 F.Supp.2d 971, 987-88, 994 (S.D. Ohio 2009)(Petitioner procedurally defaulted his claim of the denial of the effective assistance of appellate counsel when he failed to timely appeal the appellate court's decision denying his Rule 26(B) application to the Ohio Supreme Court and post conviction claims by failing to file timely post conviction appeal); *Johnson v. Turner*, No. 2:14-cv-01908, 2016 WL 6963177, at *6 (S.D. Ohio Nov. 29, 2016)(same); *Hudson v. Smith*, No. 2:09-cv-0030, 2010 WL 2671273, at *6 (S.D. Ohio June 30, 2010)(same). Further, it is the Petitioner's burden to establish cause and prejudice sufficient to overcome a procedural default. *See Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001)(citation omitted). Nothing in the record suggests that Petitioner could establish that prison officials prevented him from timely filing his appeal in 26(B) proceedings to the Ohio Supreme Court by mailing the wrong, incorrect, or modified documents on his behalf. Additionally, the doctrine of procedural default applies equally to claims involving the alleged improper imposition of consecutive terms of incarceration or of a void sentence, and the record reflects no reason not to enforce Petitioner's waiver of such claim here. For the reasons detailed in the Magistrate Judge's *Order and Report and Recommendation*, this Court agrees that, viewing all the evidence in the light most favorable to the prosecution, *see Jackson v. Virginia,* 443 U.S. 307 (1979), the evidence is constitutionally sufficient to sustain Petitioner's convictions, and such claim fails to provide him a basis for relief. Moreover, the record fails to reflect that an evidentiary hearing is required to resolve Petitioner's claims. *See Mills v. Larose*, No. 1:13-cv-1059, 2015 WL 687829, at *12 (N.D. Ohio

Feb. 18, 2015)(where the existing record precludes granting habeas relief, the district court need not conduct an evidentiary hearing)(citing *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)); *Myers v. Tennessee*, No. 2:11-cv-00045, 2016 WL 1230740, at *3 (M.D. Tenn. March 29, 2016)(citing *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief).

For all of the foregoing reasons, and for the reasons discussed in the Magistrate Judge's *Order and Report and Recommendation*, Petitioner's *Objection* (ECF No. 27) is **OVERRULED**. The *Order and Report and Recommendation* (ECF No. 24) is **ADOPTED** and **AFFIRMED**. Petitioner's *Motion to Expand Record* (ECF No. 19) is **DENIED.** Petitioner's request for an evidentiary hearing is **DENIED**.

This action is hereby **DISMISSED**. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT.**

Petitioner has requested a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, — U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). In order to secure a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

The Court is not persuaded that Petitioner has established that reasonable jurists would debate either whether he has presented a valid claim of the denial of a constitutional right or whether the Court correctly dismissed Petitioner's claims as procedurally defaulted. Therefore, Petitioner's request for a certificate of appealability is **DENIED.**

        *\s\ George C. Smith*
        **GEORGE C. SMITH, JUDGE**
        **UNITED STATES DISTRICT COURT**